## WIRT v. BROWN.[1]

*(Circuit Court, E. D. New York. January 21, 1887.)*

PATENTS FOR INVENTIONS—INFRINGEMENT — SIMILAR COMBINATION—MODIFICATION—INJUNCTION.

> The fact that defendant used a combination of his own in his self-feeding pen was not sufficient to overcome the fact that his combination was merely additional to plaintiff's combination, which he was using, and to prevent which an injunction would be granted.

In Equity. On motion for injunction.

*W. S. Logan*, for plaintiff.

*Charles H. Bulkley*, for defendant.

BENEDICT, J. This is a motion for an injunction, founded upon letters patent No. 311,554, issued to Paul E. Wirt, dated February 3, 1885. The first claim of the patent is for a combination, the elements of which are (1) the ink reservoir; (2) a nozzle fitted to the ink reservoir, and carrying a pen; (3) a rubber shaft extending through the nozzle and the upper space between the inner face of the nozzle and the upper part of the pen, and held within the nozzle at an intermediate point of its length,—one end of the shaft extending beyond the nozzle into the ink reservoir, so as to draw the ink downward from the reservoir, while the other end lies over the pen, so that, when the pen is pressed upward in writing, it comes in contact with the shaft to produce capillary attraction, and cause the feeding of the ink down upon the pen.

The pens made by the defendant, of which the plaintiff complains, have in combination (1) an ink reservoir; (2) a nozzle fitted to the reservoir, and carrying a pen; (3) a rubber shaft extending through the nozzle in the space between the inner face of the nozzle and the upper surface of the pen, and held within the nozzle at an intermediate point

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

of its length,—one end of the shaft lying over the pen, so that, when the latter is pressed upward in writing, it comes in contact with the shaft to produce capillary attraction, and cause the feeding of the ink downward upon the pen, the shaft that lies over the pen extending to but not into the ink reservoir. Added to this is a second shaft, separated from the upper shaft by the metal of the gold pen, and which passes through the nozzle under the pen, up into the ink reservoir. In this way the ink is drawn downward, and to the under side of the pen, and also drawn down to the end of the upper shaft, along which it proceeds by capillary attraction so as to cause the ink to feed downward upon the upper side of the pen, precisely as in the plaintiff's patent. Some effort was made, on behalf of the defendant, to claim that in his device the pen was not fed ink from above, but only from below. It is quite clear, however, that in the defendant's pen the ink is, by his arrangement of shafts, fed upon the pen from above by capillary attraction, and also from below.

The plaintiff's combination will make a practical pen, fed only from above by capillary attraction. It is a combination adapted to produce a certain result. The defendant uses the same combination to produce the same result, and he has added a second combination which produces at the same time a result differing from that produced by the plaintiff's combination only in this: that it feeds the pen from below. It is true that the defendant, in using the plaintiff's combination, has shortened the shaft, but in the added combination he has a shaft which, while it draws ink down to the lower side of the pen, also draws ink down to the shortened upper shaft, whence it goes to the upper side of the pen. This slight modification affords no ground for the defendant to contend that he does not use the plaintiff's combination. The most that he can pretend is that, while he uses the plaintiff's combination to feed the upper side of the pen, he at the same time feeds the pen from the under side by a combination of his own. In so doing, however, he infringes upon the plaintiff's patent, for he uses the combination described in the plaintiff's patent to produce the same result, namely, to feed the pen with ink drawn down to the nib, upon the upper side of the pen, by means of capillary attraction. It seems to me that a clear case of infringement of the plaintiff's patent is shown.

Several patents were referred to by the defendant to show the state of the art, viz.: Stewart's patent, No. 237,454; Friedmen's patent, No. 267,180; Purdy's patent, No. 232,545; and Wales' patent, No. 291,-964,—but I find nothing in these patents calculated to deprive the plaintiff of the right asserted in the patent sued on.

The motion for injunction is granted.